**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MAC HUDSON** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 06-11755-JLT** |
| **JOHN MARSHALL, JR.** | ) | |
| **Respondent.** | ) | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Mac Hudson.

1. Admitted.

2. Admitted.

3. Admitted. Further answering, the respondent states that petitioner also was sentenced to a state prison term of ten to fifteen years for assault with intent to murder and two state prison terms of four to five years for assault with intent to rob and for unlawful possession of a firearm, each to run concurrently with the life sentence.

4. Admitted.

5. Admitted. Further answering, the respondent states that the weapons violation of which petitioner was convicted was the unlawful possession of a fiream.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(e). Admitted.

9(f). Admitted. Further answering, respondent assumes that in stating ground two (2), petitioner refers to a "jury instruction," not to "just instructions." Further answering, insofar as petitioner's characterization of the jury instruction as "required" is a conclusion of law, it requires no response; accordingly, respondent neither admits nor denies this conclusion of law.

9(g)(1)-(5). Admitted.

9(g)(6). Admitted. Further answering, respondent assumes that in stating ground two (2), petitioner refers to a "jury instruction," not to "just instructions." Further answering, insofar as petitioner's characterization of the jury instruction as "required" is a conclusion of law, it requires no response; accordingly, respondent neither admits nor denies this conclusion of law.

9(h). Admitted.

10. Admitted.

11(a)(1)-(5). Admitted.

11(a)(6). Admitted. Further answering, respondent states that after the Superior Court initially denied petitioner's motion for new trial on February 20, 2002, the Appeals Court issued an order on February 2, 2004, remanding the motion for new trial to the Superior Court for an evidentiary hearing on the motion. The court conducted the evidentiary hearing on April 12, 2004, and on May 14 and 27, 2004.

11(a)(7). Admitted.

11(a)(8). Admitted. Further answering, respondent states that the Superior Court had denied the motion for new trial previously on February 20, 2002. On remand from the Appeals Court, and after conducting the required evidentiary hearing, the Superior Court again denied petitioner's motion for new trial on June 15, 2004.

11(b)-(c). Admitted.

11(d). Denied. Further answering, respondent states that it was on the Commonwealth's Application for Further Appellate Review – not on petitioner's application – that petitioner's motion for new trial came before the Supreme Judicial Court. Petitioner appealed the June 15, 2004 denial of his motion for new trial, and on July 14, 2004, the Appeals Court affirmed the denial. However, the Appeals Court granted petitioner's request that it reconsider this decision, and upon reconsideration, on April 29, 2005 reversed the denial of petitioner's motion for new trial, remanding the case to the Superior Court for a new trial. While this reconsideration was pending in the Appeals Court, on August 2, 2004, petitioner applied to the Supreme Judicial Court for further appellate review of the denial of his motion for new trial. Although the Supreme Judicial Court had allowed his application and had granted further appellate review, after the Appeals Court ordered a new trial, the Supreme Judicial Court permitted petitioner to withdraw his application for further appellate review. Thereafter, on May 12, 2005, the Commonwealth applied to the Supreme Judicial Court for further appellate review, which application the court allowed. It was therefore on the Commonwealth's application that the Supreme Judicial Court reviewed petitioner's motion for new trial, ultimately reversing the Appeals Court and affirming the Superior Court's denial of the motion.

11(e). Left blank by Petitioner. Further answering, respondent states that petitioner withdrew his application for further appellate review to the SJC after the Appeals Court ordered that he be granted a new trial.

12(i)(a). (Ground one). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(i)(b). Left blank by the petitioner.

12(i)(c)-(d). Admitted.

12(i)(e). Left blank by the petitioner.

12(ii)(a). (Ground two). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(ii)(b). Left blank by the petitioner.

12(ii)(c)(1). Admitted.

12(ii)(c)(2). To the extent that petitioner states the fact that the same attorney who had represented him at trial also represented him on his direct appeal, respondent admits this fact. Further answering, the respondent states that paragraph 12(c)(2) contains conclusions of law that require no response. Accordingly, respondent does not admit any conclusion of law contained in this paragraph.

12(ii)(d). Admitted.

12(ii)(e). Left blank by petitioner.

12(iii)(a). (Ground three). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(iii)(b). Left blank by petitioner.

12(iii)(c)-(d). Admitted.

12(iii)(e). Left blank by petitioner.

12(iv)(a). (Ground four). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a)

contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(iv)(b). Left blank by petitioner.

12(iv)(c)-(d). Admitted.

12(iv)(e). Left blank by petitioner.

12(v)(a). (Ground five). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(v)(b). Left blank by petitioner.

12(v)(c)-(d). Admitted.

12(v)(e). Left blank by petitioner.

12(vi)(a). (Ground six). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(vi)(b). Left blank by petitioner.

12(vi)(c)-(d). Admitted.

12(vi)(e). Left blank by petitioner.

12(vii)(a). (Ground seven). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(vii)(b). Left blank by petitioner.

12(vii)(c)-(d). Admitted.

12(vii)(e). Left blank by petitioner.

12(viii)(a). (Ground eight). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(viii)(b). Left blank by petitioner.

12(viii)(c)-(d). Admitted.

12(viii)(e). Left blank by petitioner.

12(ix)(a). (Ground nine). To the extent that paragraph 12(a) of the petition contains allegations of facts, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12(a) contains conclusions of law that require no response. Further answering, the respondent states that petitioner has failed to state a claim upon which relief can be granted.

12(ix)(b). Left blank by petitioner.

12(ix)(c)-(d). Admitted.

12(ix)(e). Left blank by petitioner.

13. Admitted.

14. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon petitioner to prove same.

15. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 and calls upon petitioner to prove same.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

18. Admitted.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

**Volume I**

A. Docket entries, *Commonwealth v. Mac Hudson*, Docket 078884.

B. Computerized docket, *Commonwealth v. Mac Hudson*, Docket SUCR 1989-78884.

C. Brief and Appendix for Defendant-Appellant, *Commonwealth v. Mac Hudson*, Appeals Court No. 1998-P-686.

D. Brief and Supplemental Appendix for Commonwealth, *Commonwealth v. Mac Hudson*, Appeals Court No. 1998-P-686.

E. *Commonwealth v. Mac Hudson*, 49 Mass. App. Ct. 1118, 735 N.E.2d 1272 (2000).

F. Docket Sheets, *Commonwealth v. Mac Hudson*, Appeals Court No. 1998-P-686.

G. Defendant-Appellant's Application for Further Appellate Review, *Commonwealth v. Mac Hudson*, SJC No. FAR-11518.

H. *Commonwealth v. Mac Hudson*, 432 Mass. 1107, 737 N.E.2d 467 (2000).

I. Docket sheets, *Commonwealth v. Mac Hudson*, FAR-11518.

**Volume II**

J. Defendant-Appellant's Motion for New Trial, *Commonwealth v. Mac Hudson*, SUCR No. 1989-78884.

K. Commonwealth's Opposition to Defendant's Motion for New Trial, *Commonwealth v. Mac Hudson*, SUCR No. 1989-78884.

L. Memorandum and Order on Defendant's Motion for New Trial, *Commonwealth v. Mac Hudson*, SUCR No. 1989-78884.

M. Brief for Defendant-Appellant, *Commonwealth v. Mac Hudson*, Appeals Court No. 2002-P-0832.

N. Record Appendix of Defendant-Appellant, *Commonwealth v. Mac Hudson*, Appeals Court No. 2002-P-0832.

O. Brief for Commonwealth, *Commonwealth v. Mac Hudson*, Appeals Court No. 2002-P-0832.

P. Commonwealth's Supplemental Memorandum in Opposition to Defendant's Motion for New Trial, on Remand from the Appeals Court, *Commonwealth v. Mac Hudson*, SUCR No. 1989-78884.

Q. Findings of Fact, Rulings of Law, and Order on Motion for New Trial, *Commonwealth v. Mac Hudson*, SUCR No. 1989-78884.

R. *Commonwealth v. Mac Hudson*, 61 Mass. App. Ct. 1118, 811 N.E.2d 525 (2004).

S. Defendant-Appellant's Petition and Affidavit for Rehearing, *Commonwealth v. Mac Hudson*, Appeals Court No. 2002-P-0832.

T. Order, *Commonwealth v. Mac Hudson*, Appeals Court No. 2002-P-0832.

U. *Commonwealth v. Mac Hudson*, 63 Mass. App. Ct. 1113, 826 N.E.2d 265 (2005).

V. Commonwealth's Petition for Rehearing, Appeals Court No. 2002-P-0832.

W. Docket Sheets, *Commonwealth v. Mac Hudson*, Appeals Court No. 2002-P-0832.

**Volume III**

X. Defendant-Appellant's Application for Further Appellate Review, *Commonwealth v. Mac Hudson*, SJC No. FAR-14308.

Y. Defendant-Appellant's Motion to Withdraw Application for Further Appellate Review, *Commonwealth v. Mac Hudson*, SJC No. FAR-14308.

Z. Commonwealth's Application for Further Appellate Review, *Commonwealth v. Mac Hudson*, SJC No. FAR-14816.

AA. Defendant-Appellant's Opposition to Application for Further Appellate Review, *Commonwealth v. Mac Hudson*, SJC No. FAR-14816.

BB. Notice of Allowance of Application for Further Appellate Review, *Commonwealth v. Mac Hudson*, SJC No. FAR-14816.

CC. Commonwealth's Brief and Record Appendix, *Commonwealth v. Mac Hudson*, SJC No. 09593.

DD. Defendant-Appellant's October 18, 2005 Letter to Clerk of the Supreme Judicial Court, *Commonwealth v. Mac Hudson*, SJC No. 09593.

EE. Brief of Defendant-Appellant, *Commonwealth v. Mac Hudson*, SJC No. 09593.

FF. Supplemental Record Appendix for the Brief of Defendant-Appellant, Volume I, *Commonwealth v. Mac Hudson*, SJC No. 09593.

GG. Supplemental Record Appendix for the Brief of Defenant-Appellant, Volume II, SJC No. 09593.

HH. Reply Brief of Defendant-Appellant, *Commonwealth v. Mac Hudson*, SJC No. 09593.

II. *Commonwealth v. Mac Hudson*, 446 Mass. 709, 846 N.E.2d 1149 (2006).

JJ. Docket sheets, *Commonwealth v. Mac Hudson*, SJC No. 09593.

The transcripts of the April 12, 2004 evidentiary hearing and its continuation on May 27, 2004 are also included.

**First Defense**

The petition should be denied because it fails to state a claim upon which relief can be granted.

**Second Defense**

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

**Third Defense**

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fourth Defense**

The petitioner's conviction rests upon an adequate and independent state law ground.

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

On the Answer
Leah Silver
Legal Intern

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2824
BBO # 635431

Dated: November 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 21, 2006.

/s/ Eva M. Badway
Eva M. Badway