UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAC HUDSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 06-cv-11755-IT |
| | * | |
| SHEILA KELLY, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

October 29, 2021

TALWANI, D.J.

On September 30, 2021, the court denied Petitioner Mac Hudson's ("Petitioner" or "Hudson") Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [#50]. See Mem. & Order [#95]. On October 27, 2021, Petitioner filed a Motion for a Certificate of Appealability [#97]. For the following reasons, the court ALLOWS Petitioner's Motion [#97] in part, GRANTS a certificate of appealability as to three of the grounds raised in Petitioner's Amended Petition [#50], and otherwise DENIES Petitioner's Motion [#97].

**I.  Background**

A detailed account of the factual and procedural history of Hudson's case is set forth in the Magistrate Judge's First Report & Recommendation [#65] at 2-18.

The court's Memorandum & Order [#50] denied the challenges raised in Grounds Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten on their constitutional merits. See Mem. & Order 9-25 [#95]. In Ground One, Petitioner's challenge to the admission of the prior testimony of Keil Kimbrough, the court found that Petitioner failed to exhaust the unavailability prong of

his Confrontation Clause claim in his state court proceedings and that the claim was procedurally defaulted where the Appeals Court denied it on the adequate and independent state procedural rule of waiver; the court denied the reliability prong of Hudson's Confrontation Clause claim on its constitutional merits. Id. at 5-9.

## II. Legal Standard

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a certificate of appealability from a circuit justice or a district court. 28 U.S.C. § 2253(c).

Under 28 U.S.C. § 2253(c)(2), a judge may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." If the district court denied the habeas petition on procedural grounds without reaching the underlying constitutional claim, for a certificate of appealability to issue the petitioner must demonstrate "at least that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Id.

The district court's ruling is considered debatable "even if every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that the petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a [certificate of appealability] must not be pro forma or as a matter of course" because Congress has "confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id.

at 337.

### III. Discussion

#### A. *Grounds One, Five, and Eight*

In Ground One, Petitioner contended that the trial court violated his right to due process by permitting the prosecution to read Kimbrough's prior recorded testimony from the first trial into the record at the second trial. Mem. in Support of Petition 15-20 [#60]. The court found the Appeals Court's decision that Kimbrough's earlier testimony was reliable was not contrary to clearly established federal law and that Petitioner failed to exhaust his challenge to the trial court's finding that Kimbrough was unavailable. Mem. & Order 5-9 [#95]. Petitioner's contentions, while ultimately rejected by this court, represent a substantial showing of the denial of a constitutional right. Further, a reasonable jurist could disagree with the court's conclusions concerning whether the admission of Kimbrough's prior testimony violated Petitioner's right to due process and whether Petitioner exhausted the issue of unavailability.

In Ground Five, Petitioner contended that the trial court's decision to change the number of peremptory challenges he could exercise violated his due process rights. Mem. in Support of Petition 32-34 [#60]. The court found this change did not violate the applicable state law, thus, under Ross v. Oklahoma, 487 U.S. 81, 89 (1988), changing the number of peremptory challenges did not violate Hudson's due process rights. Mem. & Order 15-18 [#95]. The court finds here that Petitioner has made a substantial showing of the denial of due process and that a reasonable jurist could disagree with the court's conclusions.

In Ground Eight, Petitioner argued that the trial court's refusal to declare a mistrial following a surprise in-court identification deprived him of his right to a fair trial under the Due Process Clause. Mem. in Support of Petition 38-40 [#60]. The court found that while the first-

time identification of Petitioner was unreliable and should not have been admitted, where Petitioner's trial counsel was able to subject the witness (and his in-court identification) to cross-examination and where the identification itself happened in view of the jury, there was no violation of Petitioner's due process rights. Mem. & Order 20-23 [#95]. Although the court rejected this claim, it finds the contentions demonstrate a substantial showing of the denial of due process and that a reasonable jurist could disagree with the court's conclusion.

Accordingly, the court GRANTS a certificate of appealability as to Grounds One, Five, and Eight. See 28 U.S.C. § 2253(c)(2).

### B. Grounds Two, Three, Four, Six, Seven, Nine, and Ten

In Ground Two, Petitioner argued his trial counsel's failure to impeach Kimbrough and to timely notify the Commonwealth of Petitioner's alibi witness amounted to ineffective assistance of counsel. Mem. in Support of Petition 20-24 [#62]. The court agreed with the trial judge, the Supreme Judicial Court ("SJC"), and the Magistrate Judge that trial counsel's performance was not deficient. Mem. & Order 9-10 [#95].

In Ground Three, Petitioner argued the trial court erred by excluding evidence of a purportedly similar robbery that took place around the same time and in the same general vicinity of the shooting and where Petitioner, who was incarcerated at the time, was identified by the victim as one of the perpetrators and that this violated Petitioner's due process right to present a complete defense. Mem. in Support of Petition 24-27 [#60]. The court found that the Appeals Court's decision that the similarities, in light of significant differences, were insufficient to satisfy the relevance requirement did not deprive Hudson of his due process right to a fair opportunity to present a complete defense. Mem. & Order 11-12 [#95].

In Ground Four, Petitioner argued that the trial court's exclusion of his girlfriend's alibi

testimony deprived him of his right to present a defense under the Sixth and Fourteenth Amendments. Mem. in Support of Petition 27-31 [#60]. The court found that the Appeals Court's reference to a state court decision that itself dealt with the federal constitutional issues was sufficient to trigger deferential review under the AEDPA as the Appeals Court did address Petitioner's Sixth Amendment claim and found the that the exclusion of this alibi testimony did not deprive Petitioner of his constitutional right to present a defense. Mem. & Order 13-14 [#95].

In Ground Six, Petitioner argued that the trial court's refusal to instruct the jury as to the possibility that a witness made a good faith, but mistaken identification "so infected the trial that the resulting conviction violate[d] due process." Mem. in Support Petition 26 [#60] (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)). The court found that, whether applying *de novo* or more deferential review under Section 2254(d)(1), where the trial court gave numerous instructions regarding witness credibility and how to assess it, the decision not to give the good faith, but mistaken identification instruction did not render Petitioner's conviction a violation of due process. Mem. & Order 18-19 [#95].

In Ground Seven, Petitioner argued that the trial judge violated his due process rights by improperly limiting his cross examination of a witness concerning a conversation that witness overheard between a prosecutor and one of the testifying eyewitnesses. Mem. in Support of Petition 36-37 [#95]. The court found the Appeals Court's conclusion that although the trial court's exclusion of the testimony as hearsay was an error, the error was harmless beyond a reasonable doubt under Chapman v. California, 386 U.S. 18 (1967) was not an unreasonable application of federal law.

In Grounds Nine and Ten, Petitioner argued that the prosecutor failed to turn over various exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 87, 94 (1963). Mem. in

testimony deprived him of his right to present a defense under the Sixth and Fourteenth Amendments. Mem. in Support of Petition 27-31 [#60]. The court found that the Appeals Court's reference to a state court decision that itself dealt with the federal constitutional issues was sufficient to trigger deferential review under the AEDPA as the Appeals Court did address Petitioner's Sixth Amendment claim and found the that the exclusion of this alibi testimony did not deprive Petitioner of his constitutional right to present a defense. Mem. & Order 13-14 [#95].

In Ground Six, Petitioner argued that the trial court's refusal to instruct the jury as to the possibility that a witness made a good faith, but mistaken identification "so infected the trial that the resulting conviction violate[d] due process." Mem. in Support Petition 26 [#60] (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)). The court found that, whether applying *de novo* or more deferential review under Section 2254(d)(1), where the trial court gave numerous instructions regarding witness credibility and how to assess it, the decision not to give the good faith, but mistaken identification instruction did not render Petitioner's conviction a violation of due process. Mem. & Order 18-19 [#95].

In Ground Seven, Petitioner argued that the trial judge violated his due process rights by improperly limiting his cross examination of a witness concerning a conversation that witness overheard between a prosecutor and one of the testifying eyewitnesses. Mem. in Support of Petition 36-37 [#95]. The court found the Appeals Court's conclusion that although the trial court's exclusion of the testimony as hearsay was an error, the error was harmless beyond a reasonable doubt under Chapman v. California, 386 U.S. 18 (1967) was not an unreasonable application of federal law.

In Grounds Nine and Ten, Petitioner argued that the prosecutor failed to turn over various exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 87, 94 (1963). Mem. in

Support of Petition 40-53 [#60]. The court found the SJC and Appeals Court's denials of these claims concerning exculpatory evidence were not unreasonable applications of <u>Brady</u> where it was unclear whether some of the purportedly exculpatory evidence existed and where it was unclear whether the balance of the evidence was actually exculpatory. Mem. & Order 23-25 [#95].

For these reasons, Petitioner has failed to make a "substantial showing" of a constitutional violation as to Grounds Two, Three, Four, Six, Seven, Nine, and Ten. <u>See</u> 28 U.S.C. § 2253(c).

### IV. Conclusion

For the foregoing reasons, the court GRANTS a certificate of appealability as to the constitutional challenges raised in Counts One, Five, and Eight and the procedural challenge raised in Count One and DENIES a certificate of appealability as to grounds Two, Three, Four, Six, Seven, Nine, and Ten.

IT IS SO ORDERED.

October 29, 2021                                                       /s/ Indira Talwani
                                                                                    United States District Judge